**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kendri Asdrubal Duque Espinoza, | No. CV-26-03215-PHX-DJH (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Petitioner filed this action challenging Petitioner's immigration detention. A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Recently, on February 18, 2026, the *Bautista* court granted the class members' Motion to Enforce Judgment, and vacated the BIA's ruling in *In Re Hurtado*, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, --- F.Supp.3d ----, 2026 WL 468284, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. February 18,

2026).[1] The Court is aware the Ninth Circuit Court of Appeals stayed these orders, in part, pending resolution of the appeal challenging the district court's class certification order and final judgment. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Mar. 31, 2026). However, the stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect this Court's independent determination that Petitioner is entitled to relief in the form of release or a bond hearing.

Alternatively, the Court has reviewed the Petition and concludes Petitioner is entitled to relief regardless of *Bautista*. The Court grants relief based on its independent view that Petitioner's detention is governed by § 1226 and not § 1225 for the reasons set forth in *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz. 2025). *See also Lopez-Campos, et al. v. Raycraft, et al.*, ___ F.4th ___, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Federal Det. Center Miami*, ___ F. 4th ___, 2026 WL 1243395 (11th Cir. May 6, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, ___ F. 4th ___, 2026 WL 1123250 (7th Cir. May 5, 2026); *Cunha v. Freden*, ___ F. 4th ___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

///

///

///

3. Respondents must provide a notice of compliance within **three days** of releasing

---

[1] The Court is also aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), which adopted the minority view on whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under Section 1225. But those decisions do not persuade the Court that its interpretation is incorrect, nor does it undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.

Petitioner or providing Petitioner a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 21st day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge